

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>v.<br><br>ERNEST M. ESPARZA,<br><br>  Defendant - Appellant. | No.  05-10419<br>D.C. No.  CR-03-00127-SOM<br><br>**JUDGMENT** |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 05 2006
at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

On consideration whereof, it is now here ordered and adjudged by this Court, that the appeal in this cause be, and hereby is **DISMISSED**.

Filed and entered 04/11/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAY 03 2006

by: _____
      Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 11 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ERNEST M. ESPARZA, <br><br> Defendant - Appellant. | No. 05-10419 <br><br> D.C. No. CR-03-00127-SOM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted April 5, 2006**

Before:   HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

Ernest M. Esparza appeals from the sentence imposed following his guilty plea to drug trafficking and firearm offenses in violation of 21 U.S.C. §§ 846,

---

   *   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

   **  This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

841(a)(1), and 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A)(i); and 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

We dismiss in light of the valid appeal waiver. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000) (stating that an appeal waiver is valid when it is entered into knowingly and voluntarily). We reject Esparza's contention that the alleged variation between the wording of the first count of the indictment and district court's description of this offense during the plea colloquy rendered his plea unknowing or involuntary. We also reject the contention that the plea agreement was rendered invalid by its alleged failure to mention the applicability of the Sentencing Guidelines, which were discussed explicitly both in the plea agreement and during the plea colloquy. The appeal waiver was entered into knowingly and voluntarily and is therefore enforceable. *See id.* Lastly, Esparza's contention that the appeal waiver, even if valid, does not foreclose the right to appeal incorrect applications of the Sentencing Guidelines is contrary to both the express language of the plea agreement and our case law. *See United States v. Michlin*, 34 F.3d 896, 901 (9th Cir. 1994).

**DISMISSED.**

2

MOAPLSC
i

INTERNAL USE ONLY: Proceedings include all events.
05-10419 USA v. Esparza

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Michael K. Kawahara, Esq.<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S.<br>ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |
| v. | |
| ERNEST M. ESPARZA<br>    Defendant - Appellant | Arthur E. Ross, Esq.<br>808/521-4343<br>Suite 210<br>[COR LD NTC cja]<br>126 Queen Street<br>Honolulu, HI 96813 |