## MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT

Facts of the Case:

Petitioner was arrested and indicted, and after a third super-seding indictment, charging 12 Counts, Petitioner waived the indict-ment and pled guilty to three counts of an information. The Counts Petitioner pled to are as follows:

> COUNT I: knowing and inetntionally conspired to dis-tribute and to possess with intent to distribute fifty (50) grams or more of methamphetamines, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a), 841(b)(1)(A) and 846;
> COUNT IV: being unlawful user of a controlled sub-stance, methamphetamine, did possess in and affecting commerce firearms, a Ruger 85 semi-automatic pistol, 9 mm Luger and ammunition and a AKM-47S semi-automatic assault rifle and ammunition, in violation of 18 USC §§ 922 (g)(3) and 924(a)(2);
> COUNT V:  knowing and intentionally possess a quantity of cocaine, a schedule II narcotic, in violation of 21 USC § 844(a).

Count I afforded a mandatory minimum of ten years; Count IV of five (5) years, and Count V of one year.

The plea memorandum waived right to appeal and to make an collateral attacks, except based on "a claim of ineffective assis-tance of defense counsel." PLEA @ pg. 10, ¶ 14(a).

On May 20, 2005, Petitioner was brought into sentencing before Honorable Susan Oki Mollway, and is the basic of this complaint.

At sentencing Counsel was unprepared.  Counsel argued factors having no relevance to allagtions made, like "management" variable, argued for a departure under 18 USC § 3553(a), which holds no merit, and nearly obtained a additional perjury charge for his client based on his own wording, which required the Court to set recess and the plea was accepted. Pertinent factors counsel never addressed to the Court, such as this was Petitioner's first offense; that

Petitioner was a father, and lacked some education.

The Court set the boundries at an offense level 35, criminal history category I, and correctly set the standards, COUNT I of ten years to life; Count V, the court incorrectly set forth, which is under 21 USC § 844(a), which is a maximum of one year imprison, while the Court alleged ten years. S.Tr. at 26-27. Count IV was a five year sentence, run consecutively to Counts I and V, above. These time tables, because at the time Booker was out, gave the Court authority of a maximum mandatory sentence 120 months, plus 60 months, for a total of 180 months.

The co-defendant, whom held a prior conviction, had illegally entered the United States, received the same time imprisonment, even though Petitioner was a first time offered, without any priors.

The court went outside the maximum, and started at 168 months and added the 60 months. S.Tr. at 32-33. Although counsel did attempt to explain the harsh droconian laws of a twenty year term, the court again correctly stated that "the min--minimum [mandatory] he can go away for by statute is 15 years," S.Tr. at 34, counsel claims 18 USC § 3553 applies to this, without raising any of the factors § 3553(a) authorizes for departures. S.Tr. at 34.

Part of the plea consisted of a joint plea, with the dismissal of the § 924(c) charge for the AK47 weapon, with co-defendant Ojeda and Petitioner pleading together, but Petitioner was not afforded any consideration for being a first time offender, and the Court sentenced, and counsel allowed, Petitioner to be sentenced to the SAME term of imprisonment as the co-defendant, by extending the guidelines, instead of applying the statute, and the Court imposed a term of imprisonment upon Petitioner of 168 months, plus the 60

-2-

months, for a sentence of 228 months incarceration, five years supervised release on Counts I and 4, and three on Count 5, run concurrently to each other, $300.00 Special Assessment. A timely Notice of Appeal was followed by cousnel.

On appeal, even after the fear of a perjury charge, counsel raised whether the plea agreement was rendered voluntarily and knowingly, thereby placing Petitioner, again, at risk of an addiotional charge of perjury, as well as opening up a far lengthier sentence under the additional charge of the AK47 weapon. The Appellate Court rejected counsel's contentions and entered a decision on April 11, 2006 by a memorandum opinion. The judgment was entered on May 05, 2006.  The same counsel defended Petitioner on appeal as did at the plea and trial stage, and Petitioner was not allowed to raise the claim of the enhanced sentence because of this counsel.

No certiorari was taken, so the final judgment became final on August 3, 2006. Under the AEDPA, the Petitioner has one year from this date to file his 28 U.S.C. § 2255 motion, which date would be August 3, 2007. Thus, this action is timely.

<u>CLAIMS UPON WHICH RELIEF CAN BE GRANTED</u>

1.    <u>Counsel Was Ineffective By Allowing The
      Court To Enhance Petitioner Above The
      Statutory Maximum Allowed By Law.</u>

<u>United States v. Booker</u>, 543 U.S. 220 (2005) was out at the
time of Petitioner's sentence. There, the Supreme Court severed
to portions of the statute, 18 USC § 3553(b)and § 3742(e) as being
unconstitutional because of the mandatory regime system.

In <u>Booker</u>, the Court explained the rationale that the new
advisory system, the judge holds discretion to analyze each
defendant, and make findings when he sentences them, and is no
longer bound, like a prosecution slave, to the Guidelines, as they
had been for more then twenty years. That the factors must be
placed in the record for the sentence.

At bar, Petitioner was a first time offender, had no prior,
yet was sentenced to the same term of incarceration as his co-
defendant, who received the same time, had a prior, and was il-
legally in the United States. This hardly seems justice, and
creates a dysfunctional person by the added years for a first time
offender, creating hate and argue. Petitioner can hardly believe
this was the intent of the Court, yet the Court went beyond the
statutory maximum without settting forth any ""'substantial and
compelling reasons,'"". <u>Booker</u>, at 543 U.S. 234. In <u>Booker</u>, solely
because of the criminal history category was the sentence enhanced.
That is not the case here.

Here, law afforded a statutory minimum of ten years under 21
USC § 841(b)(1)(A), which equates to 120 months. Section 844(a)
affords only a one year sentence of incarceration, unless other

-4-

factors were brought, which were never placed on the record of
these factors existing. Instead of the 120 months, plus the 60
months for the weapon, the Court enlarged the sentencing minimum
by law to 168 months, without any justification. Instead of showing
Petitioner was due such a harsh sentence, the same as his co-
defendant who had a prior and was illegally in the United States,
based on Petitioner's actions, the Court imposed a heavier sentence
by extending beyond the statute of tem years, increasing the
sentence from 120 months mandated by statute, to 168 months by
guidelines. Id. at 235-236.

      Like the scenario in Booker, explaining Jones, the Court
explained the consequenmces of a defendant's actions must be a
factors taken into consideration by the Court. Here, counsel
did not even understand this factor and failed to argue that matter.
If the defenders actions are different, "their punishment both
before, and after, the Guidelines would have been different." Id.
at 252-253.

      The very purpose of § 3553(a)(1), (3), (5)-(7) "requires
judges to impose sentences that reflect the seriousness of the
offense, promote respect for the law, provide a just punishment,
afford adequate deterence, protect the public, and effectively provide
the defendant with needed educational or vocational training and
medical care." Id. at 260. (Emphasis added).

      At bar, Petitioner was a first time offender. The court took
no consideration of this, and counsel failed to address this. The
co-defendant, Ojeda, had a prior, was illegally in the United States,
yet the court punished Petitioner 'just as harshly' as the co-
defendant to a term of 168 months plus 60 months for 228 months.

-5-

Given Petitioner was a first time offender, held no prior, the
sentence imposed was unreasonable, and counsel was ineffective
for not addressing this matter at sentencing, and on appeal.
Id. at 261.

In Blakely v. New jersey, 542 U.S. 296 (2004), the Court imposed
its holding that "the relevant "statutory maximum" is not the
maximum sentence a judge may impose after finding additional facts,
but the maximum he may impose withoutany additional findings."
Id. at 542 U.S. 303-304. Given this understanding, the maximum
by law would be the ten years under statute, not guidelines, and
only by the Court setting on the record the reasons for the
additional time would the sentence be reasonable.  Of course, at
the time the Court may not of understood it had power to depart
from its imposed sentence, nevertheless, the additional 48 months
is beyond that allowed by statute and was unreasonable, and counsel
should have researched and investigated these matters to defend
Petitioner at sentencing to a fair and just sentence.

This matter becomes even more important where the indictment,
even though the drug quantity was know, was never set forth  to
inform a potential sentence, until the plea. Id. at 311. The in-
dictment charged only '50 grams or more,' yet the guidelines holds
a various of factors relating to this matter. The actual quantity
prosecution intended to bring was not part of the indictment.

Because the Indictment never set forth the quantity, the
Guidelines affords a various number of alternatives, which should
have been adjusted by a quantity so Petitioner knew what he was
being faced with, yet counsel never moved to dismiss that instrument
under Appendi as set by Booker's holding.  Then, to top that, counsel

pled Petitioner guilty without knowledge of what he faced in advance, because counsel had never challenged the indictment. Under USSG § 2D1.1, the following factors afford a variance in the '50 grams or more' charged in the indictment:

> Level 34, 1.5 KG but less the 5 KG, for term of 151-188 mos;
>
> Level 32, 500 g but less then 1.5 KG, for 121-151 mos.;
>
> Level 30, 300 g but less then 500 g, for 97-121 mos;
>
> Level 28, 200 g but less the 350 g, for 78-97 mos; and
>
> Level 26, 50 g but less then 200 g, for 63-78 mos.

The indictment merely stated 50 grams or more, but never included any quantity, which could have fit any of these portions, and failed to afford Petitioner notice of what government intended, yet counsel took no action to correct the matter based on case laws at that time, including Booker.

The very threshold of the importance of affording a court advisory, versus mandatory, boundries did not help in this case because the sentence, because of counsel's ineffectiveness, was still enhanced. Even given Petitioner was a first time offender, he still received the same term as a party that had a prior conviction, and illegal conduct on top of the offenses charged, leaving Petitioner to be unfairly categorized and enhanced beyond the statutory maximum of ten years, without anything on the record to justify the increase. Thus, the  sentence must be vacated and Petitioner resentenced to a term of 10 years on Counts 1 and 5, and 60 months on Count 4, for a sentence of 180 months total, not the 228 months currently imposed. Thus, counsel was ineffective, and Petitioner was denied his Fifth and Sixth amendment protections.

2.    Counsel was Ineffective For Failing To
      Investigate the Law and Facts.

    In this case, counsel was completely unprepared and did not
even understand the law he attempted to argue, as if he were a
nw attorney, freshly from law school.  He argued for reduct
from a management variable, when none existed, S.Tr. at 4, and
even the Court lacked understanding what counsel was attampting
to argue. Counsel's failure are numerous, and include, inter alia,
the following: [1]

    a.    Counsel failed to keep Petitioner apprised of all
          matters and inform him to be able to understand
          what he was acting upon;

    b.    Counsel failed to investigate both the law and facts
          as it related to Petitioner's offense and sentence;

    c.    Counsel failed to challenge the indictment, then
          allowed Petitioner to be sentenced above the statutory
          maximum, without anything on the record indicting
          why the court was using such a enhancement;

    d.    Allowing Petitiner to be sentenced to the same term,
          without arguments under § 3553(a) on that part, to
          the same sentence as a co-defendant whom had a prior,
          had illegally reentered the United States, and had
          a greater relevant conduct than Petitioner, failing to
          bring this to the court's attention;

    e.    Attempting to argue a minor role, without any supporting
          factors for the court to consider, except a letter that
          was never authenticated for validity;

    f.    Failing to argue the very threshold of what Booker
          and Blakely applied, S.Tr. at 29-31;

    g.    Counsel nearly obtained a perjury charge for his client

---

[1]    It is important to recognize that Petitioner cannot
fully attack his sentence because he does not understand the law,
understand how the law works, and the Bureau of Prisons prohibits
Petitioner from allowing those he relies on to help him from
reviewing the PIR (Presentence Investigation Report) to have any
type understanding to make valid arguments. Thus, Petitioner is
further denied access to argue important factors, because he can-
not make any valid argument because pertinent information the Court
relied upon is barred from Petitioner, and those jail house inmates
he relies on to help prepare his motions under the Fifth and Four-
teenth Amendments.

by contending the statements made by Petitioner were not
true under oath, S.Tr. at 17-20;

h.    Counsel failed to seek out evidence from bank receipts,
      and other evidence to demonstrate his claims the money
      from the bedroom was legal and not from the drugs;
      S.Tr. at 12-14;

i.    Counsel never investigated leads of other people
      in regards to the letter, that had been given the
      same type option and accepted the option to take
      blame, by Petitioner's co-defendant, and whom was
      ready to testify to these matters, where Petitioner
      told counsel, counsel knew the person, but nothing
      was ever done to support the letter being from the
      co-defendant.

j.    (Appellate stage) Petitioner brought up for counsel
      to raise, by letter, including the Zedner ruling on
      speedy trial, where Petitioner's case took about
      three years, and counsel never raised anything the
      Petitioner asked.

The matters of counsel are important. For example, counsel

raised the letter at sentencing for a downward departure, yet,

took no attempt to obtain evidence of prior conduct of the

same nature that co-fedendant Ojeda had done to others, who

took the blame for him based on a promise he'd take care of

them and their family, and never did.

A defendant in a criminal case has a Fifth and Sixth Amend-

ment right to effective assistance of counsel, both at trial and

on appeal. E.g. Strickland v. Washington, 466 U.S. 668 (1984);

and Evitts v. Lucey, 469 U.S. 387, 406 (1985). The High Court has

stated, "The right to counsel is a fundamental right of criminal

defendants; it assures the fairness, and thus the legitimacy, of

our adversary process." Kimmelman v. Morrison, 477 U.S. 365, 374

(1986). Furthermore, the Court recognized that "the right to counsel

is the right to effective assistance of counsel." McMann v, Richard-
son, 397 U.S. 759, 771 (1970).

     To succeed on a claim of ineffectiveness of counsel, a
defendant must show his "counsel's conduct so undermined the
proper function of the adversarial process that the trial cannot
be relied on as having produced a just result." Strickland, at
466 U.S. 686. Burkett v. Angelone, 208 F.3d 172 (4th Cir. 2000).
The Court further recognized that in order for a defendant to
prevail on an ineffective assistance of counsel claim, he must
satisfy a two-prong test. Id.; See also Burkett, at 208 F.3d 172.
That is, representation the defendant received "fell below an  ob-
jective standard of reasonableness," and "a reasonable probability
that but for counsel's unprofessional errors, the results of the
proceedings would have been different." Strickland, at 466 U.S. 688
694.

     A court reviewing a claim of ineffective assistance must
determine whether a reasonable probability exists that, but for
counsel's unprofessional errors, the results was fundamentally
unfair and unreliable. Id., (citing Lockhart v. Fretwell, 113
S.Ct. 838 (1993)). Ultimately, the Strickland test requires courts
to focus upon whether counsel's performance was sufficient to ensure
the fundamental fairness of the proceeding. Id. However, the pre-
judice that must be shown need not be anything more than something
as small as one additional day in jail. See Glover v. United States,
531 U.S. 198 (2001).

     "It is the client's right to expect that his lawyer will use
every skill, expend every energy, and tap every ligitimate resource

-10-

in the exercise of independent professional judgment on behalf of the client and in undertaking representation of the client's interests." Frazer v. United States, 18 F.3d 778, 785 (9th Cir. 1994).

The ABA Standards Relating to the Administration of Criminal Justice provides that "it is unprofessional conduct for the lawyer to understate or overstate the risks, hazards, or prospects of the case to exert undue influence on the accused's decision as to his or her plea." STANDARD 4-5.1(c)(1979).

Here, counsel was instructed of another person that Ojeda had previously made the same type of promises as was in the letter the lawyer used at sentencing; that the person had pled based on those promises, and Ojeda had breached the agreement and the person was willing to testify to these facts, which would have strengthened counsel's claim that the letter was from Ojeda, not Petitioner. Counsel was unprepared for sentencing, and did not even know what to actually argue, claiming Petitioner was entitled departure for a management role, when no such role was involved. Moreover, had counsel reviewed Blakely and Booker together, counsel would have argued the court was exceeding the maximum sentence by implying the guidelines, when the statutory mandatory minimum should have been implimented and Petitioner sentenced to a term of 'ten' years or 120 months, not the same sentence that Ojeda received, who had a prior conviction, had illegally reentered the United States, and had a prior record of criminal activity, where it was Pettiioner's first time, yet he was punished to the same harshness, without any consideration of the differences between the two parties.

Petitioner contends counsel's failure to adequately investigate

and raise valid defenses, alone, indicates counsel's unprofession-alism. As the Supreme Court recognized in <u>Strickland</u>, "counsel bears a duty to make a 'reasonable' investigation of the law and facts in his client's case." <u>Strickland</u>, at 466 U.S. 691. Additionally, the ABA Standards Relating to the Administration of Criminal Justice provides:

> It is the duty of the lawyer to conduct a prompt investi-gation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction.  The investigation should always include efforts to secure in-formation in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilty or the accused's stated desire to plead guilty.

STANDARD 4-4.1.

Given the failures of counsel in this case, the factors counsel failed to investigate, as well as witnesses to support his claims as to the letter, counsel was ineffective within the meaning of the Fifth and Sixth Amendments.  Given the disparity in sentencing, where Petitioner was a first time offender and received the same sentence as a person with priors and other illegal conduct, without a zealous argument on Petitioner's behalf, Petitioner is entitled resentencing in this case. EXHIBIT A hereto.

CONCLUSION

For the above and foregoing reasons, and the Exhibit hereto, Petitioner prays the Court will set a resentencing and grant him the relief he is entitled.

DATED this _9_ day of June, 2007.

Respectfully submitted,

BY: _Ernest M. Esparza_
ERNEST M. ESPARZA, Petitioner, Pro se.