ORIGINAL

Ernest M. Esparza
# 90291-022; SS3 Unit
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

Petitioner, Pro se.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 22 2008

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Respondent, ) | CIVIL NO: 07-0375SOM |
| ) | CRIM. NO: 03-0127SOM |
| -versus- ) | |
| ) | |
| ERNEST M. ESPARZA, ) | |
| Movant. ) | |

....oOo....

PETITIONER'S ANSWER TO GOVERNMENT'S OPPOSITION
TO PETITIONER'S 28 USC § 2255

Petitioner, Ernest M. Esparza, Pro se, makes this response to the Government's opposition to his 28 USC § 2255 motion. Petitioner shows that a evidentiary hearing is required because of the disputed facts between affidavits of Government's and Petitioner, and answer, to wit:

ARGUMENT

First, Government contends a twenty year sentence would have been imposed. Ground I of Petitioner's grounds, relating to Booker and the sentence imposed, he relies on and inferences herein as if fully set forth, verbatim. Booker holds the court should only impose the minimum maximum by law. Petitioner was a first time offender, charged only with methamphetamine. Nothing ever indicated "Ice" until the Presentence Report, which went directly against the information and indictment and changed the charge

against Petitioner. Only because of this misleading information, and amendment of the indictment and information, was any further punishment possibly imposed. This was error, and a crucial injustice, denying Petitioner his Fifth and Sixth Amendment rights.

Petitioner's sentence should have been 10 years for the drugs, five years for the guns consecutive to the 10 years, for a fifteen year maximum sentence. This met the standards of 18 USC § 3553(a), and the laws. Even counsel instructed the court this. S.Tr. at 34. Because ICE was never charged, it is wrong, and a total injustice, for the court to impose a sentence on facts never charged against the Petitioner, which increases his sentence. Thus, to comply with the Fifth and Sixth amendments, the court should resentence Petitioner to ten (10) years for the drugs, and Five (5) years for the guns, for a sentence of 120 months, plus 60 months, for 180 months total. This is the correct sentence that should have been imposed, contrary to what Government contends.

FOURTY-EIGHT MONTH ENHANCEMENT:

Counsel contends in his affidavit Petitioner was enhanced 48 months for a mere picture of him holding a firearm, the AK-47. Government makes unsupported claims of sales, however, this is patently false, and the enhancement is in error. The DEA-6 Report on Stacy Bohol, see **EXHIBIT B** hereto, shows the guns were "as partial payment" for a drug transaction. A recent decision speaks of this matter, as relating to "use," and questions whether it would be the same for "possession." Watson v. United States, No. 06-571, Vol. 82 CRL No. 11 (US S.Ct., 12-12-07)(Trading gun for drugs does not constitute "use" under statute). Watson holds the claim of "possession" "may or may not prevail," and left it for a further time, nonetheless, evidence demonstrates Government's claims of sales are patently false and

unsupported by evidence. The 48 months for a photo is injustice because the evidence shows nothing more than a barter. Watson, supra. See GOVERNMENT'S OPPOSITION at 14. See also **EXHIBIT C** hereto. Thus, the 48 months should be removed because of these matters and the entire sentence should be 120 months plus 60 months, for 180 months total. Again, this meets the boundries of § 3553(a) in totality.

HORNBOOK LAW:

Government contends if the record shows conclusively the record is refuted, summary dismissal is appropriate, and this is the standard, however, the law also holds if there is conflicting affidavits, a hearing is required to afford Defendant to confront counsel regarding the disputes as to credibility. E.g. Taylor v. United States, 287 F.3d 658, 660 (7th Cir. 2002); see also Kafo v. United States, 467 F.3d 1063, 1067-68, 1071 (7th Cir. 2006). In such circumstances, an affidavit or declaration by Petitioner is sufficient to warrant a hearing--more evidence is not necessary. Kafo, at 1067-68, 1071; Galbraith v. United States, 313 F.3d 1001, 1009-1010 (7th Cir. 2002). The district court would commit abuse of discretion and be incorrect to require Petitioner more then his declaration, or to credit counsel's affidavit over Petitioner's without a hearing. A hearing is warranted in this case.

At best, any alleged refuting creates a dispute in facts. This requires a hearing because Government's motion equates to a Rule 56 for summary judgment. The declaration by Petitioner is sufficient, as well as his showing herein of disputes, to overcome Government's summary request and require a hearing. E.g. Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 846 (9th Cir. 2004). A hearing is necessary.

STRICKLAND:

Government contends counsel was effective, however, counsel has

failed to refute essential claims by Petitioner, like his falling asleep during important stages of the proceedings. If this standard of performance is what Government contends is the standard of professionalism the court's and attorneys hold sacred, the entire country is a loss.

As set forth by the further declaration addressing counsel's affidavit and claims, refuted facts remain. Regarding "strategy" as Government contends, with respect to the question what constitutes an "objective standard of reasonableness" for a attorney performance, the United States Supreme Court has declined to articulate specific guidelines for appropriate attorney conduct, and instead has emphasized that the "proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Wiggins v. Smith, 539 US 510 (2003). In Strickland v. Washington, 466 US 668 (1984), the Court emphasized that "tactical" decisions, although entitled to a heavy measure of deference if undertaken following a reasonable investigation, are only as reasonable as the investigation on which they are based. Strickland, at 690-691. The Wiggins Court, however, rejected the idea that because counsel had some information to work with, they were in the position to make a tactical choice not to present mitigating defenses. Instead, the Court stated that in assessing the reasonableness of an attorney's investigation, a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further. Hence, Strickland cannot be read to render a trial counsel's conduct bulletproof under the Sixth Amendment merely by saying it was done for a "strategic reason." Rather, the court must "consider the reasonableness of the investigation said to support the strategy." Wiggins, at 539 US 527 (Emphasis added).

Instead of addressing each issue hereafter of Government's, Petitioner sets forth a detailed admittance or denial of counsel's affidavit, and because of the disputes in fact, contends a hearing is required. See EXHIBIT B hereto.

## CONCLUSION

For the above reasons, and the supporting evidence demonstrating disputed facts, the Court should deny Government's request for summary judgment and schedule a evidentiary hearing where there are conflicting affidavits in this case. Petitioner asks for any additional relief the court would deem proper and just.

DATED this 15th day of January, 2007.

Respectfully submitted,

BY: *Ernest M. Esparza*
ERNEST M. ESPARZA
Defendant-Petitioner, Pro se.

GWS/cc:

Instead of addressing each issue hereafter of Government's, Petitioner sets forth a detailed admittance or denial of counsel's affidavit, and because of the disputes in fact, contends a hearing is required. See EXHIBIT B hereto.

## CONCLUSION

For the above reasons, and the supporting evidence demonstrating disputed facts, the Court should deny Government's request for summary judgment and schedule a evidentiary hearing where there are conflicting affidavits in this case. Petitioner asks for any additional relief the court would deem proper and just.

DATED this 15th day of January, 2007.

Respectfully submitted,

BY: _Ernest M. Esparza_
ERNEST M. ESPARZA
Defendant-Petitioner, Pro se.

GWS/cc:

-5-

Instead of addressing each issue hereafter of Government's, Petitioner sets forth a detailed admittance or denial of counsel's affidavit, and because of the disputes in fact, contends a hearing is required. See EXHIBIT B hereto.

### CONCLUSION

For the above reasons, and the supporting evidence demonstrating disputed facts, the Court should deny Government's request for summary judgment and schedule a evidentiary hearing where there are conflicting affidavits in this case. Petitioner asks for any additional relief the court would deem proper and just.


DATED this 15th day of January, 2007.


Respectfully submitted,


BY: _Ernest M. Esparza_
ERNEST M. ESPARZA
Defendant-Petitioner, Pro se.

GWS/cc:

-6-