EXHIBIT  C

Ernest M. Esparza
# 90391-002; JSS Unit
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

Petitioner, Pro se.


IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO: 07-0375SOM |
| Respondent, | CRIM. NO: 03-0127SOM |
| -versus- | |
| ERNEST M. ESPARZA, | DECLARATION OF ERNEST M. ESPARZA |
| Movant. | |

....oOo....

I, Ernest M. Esparza, do hereby depose and state:

I.

Petitioner addresses the claims of attorney Ross, either admitting or denying each of his claims, to wit:

DECLARATION OF ARTHUR E. ROSS:

1.    Petitioner contends he does not have sufficient knowledge to know whether Mr. Ross is a licensed attorney or not; Petitioner's own opinion is that if Mr. Ross is a licensed attorney, the standard of competence demanded should be re-evaluated across the country.

2.    Petitioner cannot admit or deny whether Mr. Ross has personal knowledge regarding all issues he addresses, but does admit Mr. Ross was appointed as attorney for my case, above cited.


DECLARATION OF ERNEST M. ESPARZA, PAGE ONE

3.    Petitioner admits ground three of Mr. Ross's declaration as true and correct.

4.    Petitioner admits ground four as being correct to Petitioner's best memory, but Petitioner cannot state the exact date.

5.    Petitioner admits Ground five as true.

6.    Petitioner contends ground six is accurate in part, but holds part of it as false; first, Petitioner admits two more debriefings took place and no plea agreement was reached; however, Petitioner denies that Mr. Ross represented him for several reasons: first, Mr. Ross fell asleep during these debriefing and Petitioner was unguided by any representation; that during the debriefing the Postal Officer Cynthia Blank and DEA Agent Jessie (last name may be misspelled) Forie were present and should be able to testify (under oath) Mr. Ross would fall asleep while Petitioner was being questioned. Thus, as far as the claim of 'representation' Petitioner denies this.

7.    Petitioner admits this, claiming he met Mr. Ross about 3-4 times at the jail and did contact Mr. Ross by phone on several occassions, maybe up to 4-5 times.

8.    Petitioner admits this in part, denies it in part. Petitioner admits he was forced to have to proceed to prepare for trial and could not obtain any plea until Ojeda would accept one also jointly; however, Petitioner denies the claim of being trapped due to fear Ojeda would testify against him. Petitioner's concern was the additiona ten years for having access to Ojeda's AK-47. Petitioner was more concerned regarding Bohol and his cooperation and claims, part of which were false.

9.    Petitioner admits ground nine as true and correct.

10.    Petitioner admits ground ten as true.

11.    Petitioner admits ground eleven as true.

12. Petitioner admits this ground twelve in part, denies in part. Petitioner admits he was charged in the superseding indictment and information, but denies the Plea Agreement contained a factual stipulation regarding the alleged purity; that Mr. Ross instructed Petitioner he had to go and admit these claims to the court, whether or not Petitioner agreed, or the court would not accept the plea agreement; Petitioner had no actual control over the drugs received, because Ojeda performed the ordering from any suppliers, while Petitioner performed as a carrier, and Petitioner held no actual knowledge of the purity of the drugs because drugs would vary. Petitioner admits there were stipulations regarding the guns and a appeal waiver.

13. Petitioner is unable to admit or deny this Ground thirteen because he does not have the knowledge to state how a Presentence Report was written, by whom, or on what date. Petitioner does state he has never agreed to the 1st PSR in any manner.

14. Petitioner cannot admit or deny because he does not have knowledge of what Mr. Ross's opinion actually was. Petitioner will admit he recalls Mr. Ross at sentencing claiming arging Petitioner as a "minor participant," but also recalls Mr. Ross arguing a "management role" that had nothing to do with Petitioner's case.

In relation to grounds 13 and 14, Petitioner adds this: Petitioner informed attorney Ross of witnesses, one whom had been questioned and released, and whom could testify Petitioner never sold guns and never used guns in any actions, and these persons are: a) Leslie Lee Acdel, and b) Toni Ann Bolos; and also Leilani Bolos; that these witnesses had information to support Petitioner did not deal in guns and was a mere 'carrier' and that Ojeda was the controlling factor over Petitioner. Attorney Ross wrote these names done but never used any of them to help show less culpability.

DECLARATION OF ERNEST M. ESPARZA, PAGE THREE

15.    Petitioner admits in part, but contends that attorney Ross never set forth the information that the weapons were in the house and truck, not near drugs nor were they possessed for purpose of furthering any drug crime, Petitioner never using any guns when he was involved in a drug transaction; the picture Petitioner took was over three years old and was taken during a time when he was drunk, a picture long forgotten that had been tossed into his glove box, and even this was informed to attorney Ross, and the guns had nothing to do with any conspiracy; that all the weapons belonged to Ojeda, except the 9mm which was given as a gift a short time before the arrest, and was placed into the truck where it remained, never involved in drugs.

16.    Petitioner cannot actually answer this as admitting or denying but would agree with it because Petitioner gave what information he knew; sought a plea long before, and inspired Ojeda to plead guilty on government's behalf, and was thrown to the pit by Government for trying to save time and cost and obtain a fair sentence; Petitioner agrees he was never "given proper credit for his cooperation."

17.    Petitioner admits this ground seventeen as true and correct.

18.    Petitioner admits this only in regards to his knowledge of the order of July 27, 2007.

19.    Petitioner admits ground nineteen as true.

20.    Petitioner admits ground twenty as true.

21.    Petitioner admits he set these claims as true.

22.    Petitioner admits he argued these claims as true.

23.    Petitioner admits this as true.

24.    Petitioner admits this as true.

25.    Petitioner admits he raised these claims as true.

26.    Petitioner admits he raised these claims as true.

DECLARATION OF ERNEST M. ESPARZA, PAGE FOUR

27.    Petitioner admits this in part, denies in part. Petitioner contends the identity claim is denied; the record shows the court itself agreed to the 120 plus 60, S.Tr., at 32-34, but nothing is ever mentioned of the alleged picture counsel contends raised Petitioner's sentence 48 months; the record does not explain why Petitioner was increased above 120 months, plus the 60, to a greater sentence. Petitioner admits Mr. Ross may have attempted to argue the sentence term at sentencing, but denies he argued § 3553(a) factors in any manner; section 3553(a) requires education, family ties, among others, as well as what is best for public safety, and what would afford "respect for the law," which Petitioner holds no respect because the law is unfair, given what I gave and what was received; Petitioner also denies the court gave the minimum, because Mr. Ross contends, as Government does, see GOVERNMENT OPPOSITION at 14, the 48 months were increased due to a picture of a weapon, but none of these is set forth in the record for any increase from the "minimum possible sentence," which is required by law, Petitioner believes, showing how much the law means.

(Mr. Ross has two 27's in his declaration, so Petitioner addresses the second as numbered):

27.    Petitioner denies in part, admits in part. Petitioner will state he never agreed with the draft PSR and admit Mr. Ross did make objections; Petitioner denies the Court declined to agree, because the Transcripts indicate the court recognized the sentnec until Government invoked its "tales from the crypt," where Petitioner was never believed when he told the truth, so he had to fabricate stories for Government's convenience, because Petitioner did not mail packages, Ojeda did, and Ojeda mailed them to various places without Petitioner's knowledge, and the court never set forth why it was going outside the 120 months plus 60 months for

DELCARATION OF ERNEST M. ESPARZA, PAGE FIVE

168 plus 60, nor does the court state, nor counsel, that Petitioner needs the extra time imprisonment to gain "respect for the law" and that this extra punishment was to deter and protect the public and that it was a **"just punishment."** The record holds none of these factors under § 3553(a).

28.   Petitioner denies this ground completely. Petitioner contends he does not refute his facts, but to the contrary, in many instances because he has not addressed facts raised, admitted he was ineffective by his failure to deny the claims, for example, his sleeping while Petitioner was being interrogated, showing no concern for Petitioner's well being; the Mr. Ross never interviewed Petitioner regarding factors that could have awarded a departure, nor does Mr. Ross deny his arguing a management role that had no application to the case.

29.   Petition cannot actually admit or deny, but states this: the transcripts indicate nothing regarding a picture being used to increase the sentence 48 months, nor was Petitioner charged for a picture (which would constitute a fact base) that could be used to increase his sentence 48 months; it would appear Mr. Ross contradicts his own statement that no increase existed, where he now contends the court increased the sentence based on a picture that was not in the indictment, nor set before a jury.

b.   Petitioner admits in part and denies in part. Petitioner admits he never wanted to proceed to trial, and attempted to plead on different occassions, long before trial; Petitioner denies the AK-47 was dismissed because Count 5 of the Information held AK-47 charge up to ten years, GOVERNMENT'S OPPOSITION at 8-9.

c.   Petitioner denies this ground. Petitioner informed Mr. Ross on various occassions of the letter and when Mr. Ross would appear (on 4-5 times) he'd say "I can't get the letter;" that Petitioner further denies

<u>DECLARATION OF ERNEST M. ESPARZA, PAGE SIX</u>

the claim Mr. Ross was not told names; that Petitioner informed Mr. Ross that Florentino Demacio and that Mr. Demacio was willing to testify to these matters, and Petitioner further informed Demacio he spoke to the lawyer and that he should be contacted, who could testify to this; that Mr. Ross told Petitioner the first time Mr. Demacio was a "lyer;" Petitioner denies the claim he stated the "maybe that's Ojeda's style," but told Mr. Ross specifically it was Ojeda's letter, requested Mr. Ross to obtain a analysis of the handwriting, told Mr. Ross that other letters were found in Ojeda's room that could be used to match the letter, and explained that the letter was brought to me from an orderly from the kitchen from Ojeda.

d.    Petitioner admits this, however, Petitioner contends he is not a lawyer and it is the lawyer's duty to instruct and guide a client, or should be, to insure necessary information; Mr. Ross never asked any type of questions that would inspire or guide Petitioner that such matters were of importance  and could help him; Mr. Ross is the lawyer, not Petitioner, and it is Mr. Ross whom should have knowledge what helps a client and ask those styled questions.

e.    Again, petitioner held no knowledge a background of his childhood could help him for a departure; Mr. Ross never took time to sit and question Petitioner on any of these type matters, and because Petitioner does not know what the law allows or discards, would never have told Mr. Ross because he had no reason to believe such information could help him, that being Mr. Ross' duty to investigate and question to bring important matters to light to create a defense or factors to seek a reduced sentence, but would admit he never told Mr. Ross for these reasons.

f.    Petitioner admits this, but states this: Government did claim Petitioner was not credible, however, Government managed to arrest all the people Petitioner gave names on (2-3 people) and Petitioner believes they

DECLARATION OF ERNEST M. ESPARZA, PAGE SEVEN

were convicted; it is noted that after Petitioner was incarcerated at Big Spring, two men came from Hawaii to interrogate Petitioner more sometime or or around July or Agust of 2006 and Petitioner was told Mr. Ross sent them and when Petitioner contacted Mr. Ross, he never responded back; that these officers cards were given to the prison lieutenant at Big Spring, and when they came Petitioner cooperated to help himself, but again, Government has never appreciated Petitioner's efforts, and only wanted to hear lies on people and matters outside Petitioner's knowledge; Petitioner admits Mr. Ross attempted to argue Petitioner was less culpable than Ojeda, but again, failed to raise critical factors for warranting reduction because no investigation was done, as indicated by part "e" of Mr. Ross's declaration, which Mr. Ross should have inquired about from any client to create defenses, if applicable.

g. Petitioner admits in part, denies in part. Petitioner admits the speedy trial portion as being waived, however, Petitioner denies the closing the eye claim; at the debriefing Mr. Ross had his mouth open, head fell forward, eyes closed, and no matter what was stated, remanded in this position "sleeping," which is plain; he did not just have his eyes closed as he contends.

30. Petitioner denies this. Again, Mr. Ross claimed Petitioner was enhanced for a picture for 48 months; this picture was not charged against Petitioner nor brought up at sentencing regarding any enhancement use, and this increase was appealable based on Booker.

I declare under penalty of pejury pursuant to 28 USC § 1746, that the above is true and correct to Petitioner's knowledge and belief.

DATED this _11_ day of January, 2008.

_Ernest M-Esparza_

ERNEST M. ESPARZA
Declarant.

DECLARATION OF ERNEST M. ESPARZA, PAGE EIGHT